ORDERED.

Dated: June 30, 2017

_____
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| NANCY ANN LETCHER, a/k/a NANCY MOSTOWSKI LETCHER, | BANKRUPTCY CASE NO.: 8:16-bk-04252-CPM |
| Debtor. | CHAPTER 7 |

_____/

**ORDER GRANTING MOTION OF STEPHEN L. MEININGER, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF NANCY ANN LETCHER, a/k/a NANCY MOSTOWSKI LETCHER FOR ORDER APPROVING COMPROMISE AND SETTLEMENT OF CONTROVERSY AS TO NANCY ANN LETCHER, a/k/a NANCY MOSTOWSKI LETCHER REGARDING DITECH FINANCIAL LLC, f/k/a GREEN TREE SERVICING LLC (ADVERSARY PROCEEDING 8:17-ap-00219-CPM)**

THIS MATTER came on for consideration, without a hearing, on Stephen L. Meininger ("Trustee"), as Chapter 7 Trustee of the bankruptcy estate of Nancy Ann Letcher, a/k/a Nancy Mostowski Letcher ("Letcher"), Motion for Order Approving Compromise and Settlement of Controversy (Docket No. 35) (the "Motion") pursuant to the negative notice provisions of Local Rule 2002-4.  The Court, considering the Motion, the lack of any filed objection to the relief requested in the Motion by any party in interest, the defenses available to Adversary Proceeding Defendant, Ditech Financial LLC, f/k/a Green Tree Servicing LLC ("Defendant"), the

uncertainty as to the probability of success at the adversary proceeding trial on the merits, the difficulties in collection, the complexities of the litigation, the expense, inconvenience and delay associated with continued litigation and only possible collection in the event of judgment, and being otherwise fully advised in the premises, finds it is in the best interests of Trustee and Defendant, and is fair and equitable, to settle this matter for the total sum of Three Thousand Eight Hundred Fifty and 00/100 Dollars ($3,850.00) with One Thousand Six Hundred Fifty and 00/100 Dollars ($1,650.00) going to the estate and Two Thousand Two Hundred and 00/100 Dollars ($2,200.00) for attorneys' fees and costs, and finds that the Motion should be GRANTED. Accordingly it is:

    ORDERED, ADJUDGED AND DECREED that:

    1.    Notice is hereby found to be adequate as to all parties;

    2.    No objection was filed to the relief requested in the Motion during the duly noticed Local Rule 2002-4 objection period; and

    3.    The Motion for Order Approving Compromise and Settlement of Controversy and related settlement, is fair and equitable, in the creditors' best interests, should be, and is hereby GRANTED;

    4.    The Motion, and the related Settlement Agreement, together with all its provisions, are each hereby approved in their entirety.

    5.    Any scheduled pretrial conference, hearing, or trial in related adversary proceeding 8:17-ap-00219-CPM shall be cancelled.

Thomas A. Lash, Esq., Lash Wilcox & Grace PL, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.